# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM NESBIT,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT L. FORNARO, *et al.*,<br><br>　　　　　　　　Defendants. | Case No.  2:11-cv-00092-PMP-GWF<br><br>**FINDING AND RECOMMENDATION RE:**<br><br>**Motion to Stay - #6**<br>**Counter-motion - #12** |

This matter is before the Court on Defendants' Motion to Stay (#6), filed on February 9, 2011, which has been referred to the undersigned by the District Judge for a report and recommendation as to whether this action should be stayed.  Plaintiff filed his Opposition to Defendants' Motion for Stay and Emergency Counter-motion for an Order Requiring Defendants to Produce Certain Expedited Discovery and Setting a Briefing Schedule and Hearing on Plaintiff's Anticipated Motion for Injunctive Relief (#12) on March 7, 2011.  Defendants filed their Reply in support of Their Motion to Stay (#17) on March 17, 2011.

### BACKGROUND AND DISCUSSION

Plaintiff filed his Class Action Complaint for Violations of Federal Securities Law (#1) in this court on January 18, 2011.  This lawsuit arises out of the proposed merger between Southwest Airlines Co. and AirTran.  Plaintiff alleges on behalf of himself and other similarly situated shareholders of AirTran that the proposed merger transaction "is at a grossly inadequate and unfair price and was arrived at by an unfair and tainted process that was intended to provide valuable assets of AirTran to defendants for unfair and inadequate consideration." *Complaint (#1)*, ¶ 2.  Prior to the filing of this lawsuit, other AirTran shareholders filed lawsuits against the same group of defendants asserting almost identical claims and on behalf of the same class of shareholders.

Four of the lawsuits were filed in Florida state courts in October, 2010.  The Florida actions were consolidated and then stayed in deference to two substantially similar class action lawsuits filed in the Nevada state court. *Motion to Stay (#6), Exhibit D.*  The Nevada state court actions, *Leonelli v. AirTran Holdings, Inc., et.al.*, Case No. 10-0C-994480-1B, and *Frohman v. AirTran Holdings, Inc.*, Case No. 10-OC-00449 were filed in the First Judicial District of Nevada for Carson City, on September 28, 2010.  These action were consolidated and are hereinafter referred to as the "*Leonelli* action."  Another class action lawsuit, *Church v. AirTran Holdings, Inc., et.al.*, Case. No. 2:10-cv-2096 (hereinafter the *"Church* action"), was filed in the United States District Court for the District of Nevada on December 2, 2010.

On January 26, 2011, the plaintiffs and the defendants in the *Leonelli* and *Church* actions entered into a settlement agreement which is subject to approval by the Nevada state court in the *Leonelli* action. *Motion to Stay (#6), Exhibit D.*  Defendants state that the negotiations which resulted in the settlement agreement were substantially complete before the  complaint in this action was filed.  Defendants assert that Plaintiff and other AirTran shareholders have the right and opportunity to file objections to the settlement with the Court in the *Leonelli* action.  If the settlement agreement is approved by the Nevada state court, however, Plaintiff's claims in this action will be barred under principles of *res judicata*.   Defendants request that this action be stayed pending determination of the ongoing proceedings in the *Leonelli* action.  Plaintiff does not dispute that the putative class and the claims alleged in the *Leonelli* action are substantially similar to the proposed class and claims in this lawsuit.  Plaintiff argues, however, that the proposed settlement agreement fails to adequately protect the AirTran shareholders' rights and that he should be permitted to conduct discovery in this action for purposes of demonstrating the inadequacy of the proposed settlement.

In *Advanced Internet Technologies, Inc. v. Google, Inc.*, 2006 WL 889477 (N.D.Cal. 2006), the court in the Northern District of California stayed two putative class action lawsuits pending the resolution of a substantially similar class action lawsuit in the Arkansas state court in which settlement negotiations were ongoing.  In granting the motion for stay, the court stated:

. . .

> "Overlapping or even identical federal and state court litigation may proceed simultaneously, limited only by the doctrines of abstention and comity." *Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003). There are, however, several exceptions to this-such as the *Rooker-Feldman* doctrine and *Younger* abstention. *Id.* "In addition, a federal court may stay its proceedings based on comity even when none of the abstention doctrines requires that it do so." *Id.* at 1160. Whether or not proceedings in federal court are stayed during the pending of state-court litigation, "a federal court must give the same preclusive effect to a state court judgment as the state courts of that state would themselves give to that judgment." *Id.* at 1159; *see* 28 U.S.C. § 1738.

In *Integrated Financial Associates, Inc. v. Blanchard*, 2010 WL 4736610 (D.Nev. 2010), Chief Judge Hunt also relied on the foregoing statement by the Ninth Circuit in *Noel v. Hall* in staying a federal action pending further proceedings in a previously filed California state court action involving the same parties and claims.

In concluding that a stay of the federal class action lawsuit was proper, the court in *Advanced Internet Technologies, Inc. v. Google, Inc.*, 2006 WL 8899477, at *2, stated that settlement of the Arkansas class action would have a material impact on the action before the court. The court also noted that plaintiff could raise its objections to the Arkansas litigation in the Arkansas court. Other federal district courts have stayed class action lawsuits pending resolution of previously filed class action lawsuits in state courts. *See In re RC2 Corp. Toy Lead Paint Products Liability Litigation*, 2008 WL 548547712, *5 (N.D.Ill. 2008) and *Annunziato v. eMachines Inc.*, 2006 WL 5014567, *5 (C.D.Cal. 2006).

Defendants also argue that this action should be stayed pursuant to the "first-to-file rule." The district court in *Adoma v. The University of Phoenix*, 711 F.Supp.2d 1142, 1146 (D.Ariz. 2010), discusses the elements of the "first-to-file" rule as follows:

> The "first-to-file rule" is a doctrine of federal comity that permits a district court to decline jurisdiction over an action "when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94-95 (9th Cir.1982). "The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.' " *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 628 (9th Cir.1991) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183-84, 72 S.Ct. 219, 96 L.Ed. 200 (1952)). Although discretionary, the rule "serves the

purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology of Ca. v. U.S. Dept. of Army,* 611 F.2d 738, 750 (9th Cir.1979). In applying the first-to-file rule, a court looks to three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Alltrade,* 946 F.2d at 625-26. If this action meets the requirements of the first-to-file rule, the court has the discretion to transfer, stay, or dismiss the action. *Id.* at 622. The district court retains the discretion, however, to disregard the first-to-file rule in the interests of equity. *Id.* at 622.

*Adoma* also states that the first-to-file rule does not require strict identity of the parties, but rather substantial similarity. In collective or class action lawsuits, it is the classes, and not the class representatives, that are compared. *Id.*, at 1147, citing *Inherent.com v. Martindale-Hubbell,* 420 F.Supp.2d 1093, 1097 (N.D.Cal.2006) and *Ross v. U.S. Bank Nat. Ass'n,* 542 F.Supp.2d 1014, 1020 (N.D.Cal.2008) (citing Cal. Jur.3d Actions § 284). As *Adoma* indicates, the first-to-file rule applies to actions filed in different federal districts. The elements of the rule are also relevant, however, to a federal court's exercise of its discretion in deciding whether to stay an action pending further proceedings in a previously filed state court action.

In this case, there is no dispute that the *Leonelli* action was filed prior to Plaintiff's lawsuit. Plaintiff also does not dispute that the issues and classes in the *Leonelli* action and this action are substantially the same, if not identical. These factors clearly favor the granting of a stay of this action. The Court is also persuaded by the fact that the plaintiff in the other class action lawsuit filed in this district, *Church v. AirTran Holdings, Inc.,* has agreed to become part of the settlement agreement in the *Leonelli* action. This is not to suggest, however, that the Plaintiff is not entitled to object to the proposed settlement. Those objections, however, can and should be raised in the *Leonelli* action pending in the Nevada district court. Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendants' Motion to Stay (#6) be **granted** and this matter be stayed pending further order of the Court.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Emergency Counter-motion for an Order Requiring Defendants to Produce Certain Expedited Discovery and Setting a Briefing Schedule and Hearing on Plaintiff's Anticipated Motion for Injunctive Relief (#12) be **denied.**

. . .

1       **IT IS FURTHER RECOMMENDED** that the parties be required to file with this court a brief status report of the progress in the *Leonelli* action every six months from the date this order, or earlier if there is a final resolution of that action.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 31st day of March, 2011.

                                                        GEORGE FOLEY, JR.
                                                       U.S. MAGISTRATE JUDGE